UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-573-H

JEAN A. BREWER;
GERALD W. FLETCHER; and
TOPAZA "JO" E. WHITE                                                                                PLAINTIFFS

V.

BRANCH BANKING & TRUST CORPORATION                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

A group of former employees of the Bank of Louisville have argued that the successor entity, Branch Banking & Trust Corporation ("BB&T") has altered their longstanding employee benefit program. They alleged breach of contract and promissory estoppel as theories for recovery. After extensive briefing, discussion and thought, the Court dismissed the complaint in a Memorandum Opinion dated May 13, 2005. Now, Plaintiffs have asked the Court to reconsider that ruling. Though most of Plaintiffs' motion inevitably consists of reargument of issues the Court has already considered and decided, it does raise a number of valid points which required rethinking. Through that process, the Court has concluded that it was in error to dismiss Plaintiffs' promissory estoppel claims prior to completion of discovery.

The Court viewed this case primarily as one for breach of contract. It held that Plaintiffs had no contractual claim because BB&T retained the contractual right to terminate or alter its employee benefit program. The Court did consider whether the employee benefits were in fact vested and, therefore, not subject to change, even though the contract provided otherwise. The

Kentucky cases indicated that the contract controls. By retaining the right to change benefits, BB&T did not vest promised benefits with current employees. The Court will not alter that part of its decision.

Plaintiffs focus their attention in the current motion on the Court's dismissal of the promissory estoppel claim and the Court's failure to consider equitable estoppel. They argue that the Court applied the wrong elements, specifically that misrepresentation is not a required element of promissory estoppel. There appears to be some confusion as to precise elements of a promissory estoppel claim. In its Memorandum Opinion, the Court cited *McCarthy v. Louisville Cartage Co., Inc.*, Ky. App., 796 S.W.2d 10, 11-12 (1990), as providing the elements of promissory estoppel. *McCarthy* was certainly a promissory estoppel case. For better or worse, the Kentucky Supreme Court and various federal courts have cited *McCarthy* as part of its adherence to the doctrine of promissory estoppel. *See United Parcel Service Co. v. Rickert*, Ky., 996 S.W.2d 464, 470 (1999). Nevertheless, the *McCarthy* opinion does appear to have conflated the elements of promissory and equitable estoppel.

The most recent published Kentucky case discussing promissory estoppel is *Rivermont Inn, Inc. v. Bass Hotels Resorts, Inc.*, Ky. App., 113 S.W.3d 636 (2003) which provides a better explanation of that doctrine. In that case, the Kentucky Court of Appeals stated:

> Rivermont confuses promissory estoppel with equitable estoppel, and incorrectly interchanges the terms in its brief. Promissory estoppel can be invoked when a party reasonably relies on a statement of another and materially changes his position in reliance on that statement. . . . A party cannot reasonably rely on oral statements when it has acknowledged in writing several times that oral statements are not binding and may not be relied upon. A key element of promissory estoppel, . . . is that the defendant must reasonably expect an oral promise or understanding to induce reliance on the part of the plaintiff. . . . Equitable estoppel by

2

> contrast, may be invoked by an innocent party who has been
> fraudulently induced to change their position in reliance on an
> otherwise unenforceable oral agreement. . . . To invoke the
> doctrine, a party must show (1) lack of knowledge and of the
> means of knowledge of the truth as to the facts in question; (2)
> reliance, in good faith upon the conduct or statements of the party
> to be estopped; and (3) action or inaction based thereon of such a
> character as to change the position or status of the party claiming
> the estoppel, to his injury, detriment or prejudice.

*Id.* at 642-43. The Court believes that this is an accurate description of the differences between promissory and equitable estoppel. Promissory estoppel is based upon an oral promise, usually a promise to do something and sometimes gratuitous. 31 C.J.S., Estoppel and Waiver, § 92. Promissory estoppel is invoked where a party relies on the statement and materially changes their position. The person making the statement must also reasonably expect reliance upon it. *Rivermont*, 113 S.W.3d at 643.[1]

From the Court's review of the state and federal discussions of promissory estoppel, the following elements appear necessary: (1) a promise, usually oral; (2) the promissor reasonably expects to induce action or inaction; (3) the promisee reasonably relies upon the promise as evidenced by either an act or a forbearance; and (4) justice achieved only by enforcement of the oral promise. *See* Restatement (Second) of Contracts § 90(1) (1979), *Meade Const. Co., Inc. v. Mansfield Commercial Elec., Inc.*, Ky., 579 S.W.2d 105, 106 (1979); *Lichtefeld-Massaro, Inc. v. R. J. Manteuffel Co., Inc.*, Ky. App., 806 S.W.2d 42, 44 (1991); *Rivermont*; *Res-Care, Inc. v. Omega Healthcare Investors, Inc.*, 187 F.Supp.2d 714, 718 (W.D. Ky. 2001); *Monumental Life Insurance Co. v. Nationwide Retirement Solutions, Inc.*, 242 F.Supp.2d 438, 451 (W.D. Ky.

---

[1] Equitable estoppel is based upon representation (or misrepresentation) of an existing fact and is typically asserted to bar a party from raising a defense or from taking certain action. *Id.* Plaintiff did not argue equitable estoppel prior to this motion for reconsideration. In any event, the doctrine would not apply because Bank of Louisville is not alleged to have made a representation of fact.

2003); *Bergman v. Baptist Healthcare System, Inc.*, 344 F.Supp.2d 998, 1003 (W.D. Ky. 2004).

In its original Memorandum, the Court did not carefully consider whether the discovery process could produce evidence supporting a claim of promissory estoppel. A key legal question here is whether a claim of promissory estoppel can proceed where the written documents specifically allow BB&T to change the leave policy. In *Rivermont*, the Kentucky Court of Appeals held that promissory estoppel was unavailable where the plaintiff acknowledged in writing several times that defendant had made no oral promises. *Id.* at 642-43. Our circumstances are somewhat different. While the written plan description gives BB&T the right to change the plan, Plaintiffs have not signed a writing stating the absence of oral promises. Consequently, the rule in *Rivermont* does not apply directly here. Another judge in this district has said that oral statements directly contradicting a written contract will not support a claim of promissory estoppel. *Butler v. Progressive Casualty Insurance Co.*, 2005 WL 1009621 (W.D. Ky. 2005). Each of those cases turned upon the evidence educed during discovery. In fairness, Plaintiffs have not needed to produce such evidence yet.

In a motion to dismiss, the Court need only determine whether the allegations of the complaint state a cause of action, not whether the future evidence is likely to prove the allegations true. In support of the promissory estoppel claims, Plaintiffs assert the following evidence: (1) The Bank of Louisville promised to pay deferred sick and personal leave benefits; (2) Defendant promised that employees "would not lose what they had accrued;" (3) Plaintiffs were induced to forego leave in anticipation of accrued payments; and (4) BB&T changed the leave policy. Upon reflection, the Court concludes that the written authority to change benefits does not defeat all claims of promissory estoppel under all circumstances. At this early stage in

the litigation, Plaintiffs are required only to demonstrate the legal sufficiency of their claims not the factual sufficiency of them. While the cases suggest that the task will be quite difficult, Plaintiffs must have an opportunity to discover and present the facts supporting the allegations of promissory estoppel.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion to reconsider is SUSTAINED consistent with this memorandum opinion and Plaintiffs' claim of promissory estoppel is reinstated on the Court's docket.

IT IS FURTHER ORDERED that the Court will set a conference to discuss a discovery schedule and any other issues.

cc:     Counsel of Record